UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY GLOSS,              )        | CV F 05 0487 OWW LJO HC |
|                  Petitioner,         ) | |
|        v.                                 ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| D. L. RUNNELS, Warden,   ) | |
|                  Respondent.     ) | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On April 6, 2005, Petitioner filed the instant petition in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated April 13, 2005, the action was transferred to the Fresno Division and received in this Court. In his petition, Petitioner presents the following five (5) claims for relief: 1) "The court erred by denying appellant's motion to suppress because the prosecution presented no evidence that the parolee was residing in the motel room searched - thereby violating appellant's Fourth Amendment right to be free from unreasonable search and seizure; 2) "Appellant was denied his right to a fair trial in violation of his state and federal right to due process of law by the court admitting evidence that he had been arrested twelve

days before the instant case for possession of rock cocaine pipes; 3) "Appellant was denied his state and federal constitutional right to effective assistance of counsel and counsel's errors deprived appellant of his constitutional right to due process of law; 4) "Appellant's jury trial and due process rights were violated by the directed verdict on the essential issue of whether appellant is the person who suffered the prior convictions; and 5) "A term of thirty years to life for the sale of a single rock of cocaine base is cruel and unusual punishment under the Eighth Amendment to the United States Constitution."

## DISCUSSION

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Cognizable Federal Claim

In Ground One of his petition before this Court, Petitioner claims he was denied due process under the Fourth Amendment when he was subjected to an unreasonable search and seizure. Petitioner further alleges that the trial court erred in denying his suppression motion based on the alleged unreasonable search and seizure.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610,

613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under <u>Stone</u> was necessary).

The policy behind the <u>Stone</u> Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. <u>Stone</u>, 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. <u>See</u> <u>Stone</u>, 428 U.S. at 489-90; <u>Woolery</u>, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

<u>Woolery</u>, 8 F.3d at 1326; <u>see also</u> <u>Stone</u>, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the Kern County Superior Court. <u>See</u> p. 6, Memorandum in Support of Petition. The trial court denied the motion. <u>Id</u>. When the prosecution moved to introduce evidence obtained from the search, Petitioner renewed the motion and the trial court reiterated its ruling. <u>Id</u>. Therefore, the state court provided Petitioner a "full and fair opportunity to litigate" his Fourth Amendment claim. <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976). Pursuant to <u>Stone v. Powell</u>, the Court cannot grant habeas relief on this ground, and it should be dismissed from the petition.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Ground One of the petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

1  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  IT IS SO ORDERED.

6  **Dated:    June 17, 2005**                              /s/ Lawrence J. O'Neill
   b9ed48                                                                UNITED STATES MAGISTRATE JUDGE